SCOTT W. EPSTEIN [SWE 5245]
ANTIN, EHRLICH & EPSTEIN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-221-5999

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X   **COMPLAINT**
DANIELLE SERINI,

                Plaintiff,                      **PLAINTIFF DEMANDS A**
                                                                            **TRIAL BY JURY**

    - against -

THE CITY OF NEW YORK, NYPD SCHOOL CROSSING GUARD
JENNIFER BECKER, NYPD SCHOOL CROSSING GUARD
MARGARET MARSH, P.O. EBONY GLOVER (120th precinct),
P.O. WILLIAM DAWSON (120th precinct), SGT. ROBERT
GURNICK (tax ID # 928441) and DETECTIVE RICHARD
DINKLE,

                Defendants.
-------------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This is, inter alia, a civil rights action brought by Plaintiff Danielle Serini under 42 U.S.C. § 1983 to seek relief for the violation of, inter alia, her statutory and constitutional rights under of the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New York.

2. The defendants in this action, the City of New York ("City"), New York Police Department School Crossing Guard Jennifer Becker ("Becker"), New York Police Department School Crossing Guard Margaret Marsh("Marsh"),New York Police Officer Ebony Glover ("Glover"), New York City Police Officer William Dawson ("Dawson"), NYC Police Sergeant Gurnick (first name unknown) ("Gurnick") and New York City Police Detective Richard Dinkle ("Dinkle") engaged in a concerted and malicious scheme

      to falsely accuse Plaintiff of criminal acts in retaliation for Plaintiff's legitimate complaints against Becker in her official capacity.

3. In furtherance of this scheme, Plaintiff was falsely arrested on three separate occasions, slandered with, inter alia, allegations of racism, and subjected to citywide and national media coverage of the arrests, the false charges against her, and the multiple malicious prosecutions- including court orders of protection

4. As a direct and proximate consequence of these acts, Plaintiff, a licensed chiropractor with a successful practice in Staten Island, was compelled to close her practice resulting in grave economic loss, relocate totally to New Jersey, incur significant defense costs, and suffer severe and continuing emotional distress and mental anguish.

5. Eventually, after a much delayed investigation, and numerous court appearances by Plaintiff, it became evident to some or all of their co-defendants that Becker and Marsh had fabricated all the allegations against Plaintiff, and all three cases and charges against her were dismissed. Becker was arrested and charged under SCI-00360-2018 with twenty-nine counts of, inter alia, Tampering with Physical Evidence and Falsely Reporting an Incident and eventually pleaded guilty to Tampering with Evidence as a felony.

## JURISDICTION AND VENUE

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, et seq., specifically 28 U.S.C. §1343.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

8. The instant action is timely commenced within three years of the date of accrual of all

Federal claims and within a year and ninety days of the State claims.

## PARTIES

9. Plaintiff Serini, is a 40 year old female, who at all times relevant to this action was a resident of Monmouth County, New Jersey. She is a licensed chiropractor within the State of New York and is the mother of two children, aged 8 and 5 at the time the claims arose.

10. Defendant City is a municipality within the State of New York, which includes Richmond County. Defendant City maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

11. Defendant City and/or NYPD maintains a force of School Crossing Guards as civilian employees of the NYPD who are required to complete six days of training at the Police Academy. Upon completion of the training, the guards are assigned to specific police precincts where they are supervised by uniformed NYPD officers.

12. Upon information and belief, Defendant Becker was at all times relevant to this action a School Crossing Guard assigned to the 120th Precinct. All actions by Becker complained of herein were taken in the course and scope of her employment and under color of law. Becker is being sued in both her individual and official capacities.

13. Upon information and belief, Defendant Marsh was at all times relevant to this action a School Crossing Guard assigned to the 120th Precinct. All actions by Marsh complained of herein were taken in the course and scope of her employment and under color of law. Marsh is being sued in both her individual and official capacities.

14. Upon information and belief, Defendant Glover was at all times relevant to this action an

officer with the NYPD assigned to the 120th Precinct. All actions by Glover complained of herein were taken in the course and scope of her employment and under color of law. Glover is being sued in both her individual and official capacities.

15. Upon information and belief, Defendant Dawson was at all times relevant to this action an officer with the NYPD assigned to the 120th Precinct. All actions by Dawson complained of herein were taken in the course and scope of his employment and under color of law. Dawson is being sued in both his individual and official capacities.

16. Upon information and belief, Defendant Gurnick was at all times relevant to this action a Sargeant with the NYPD assigned to the 120th Precinct. All actions by Gurnick complained of herein were taken in the course and scope of his employment and under color of law. Gurnick is being sued in both his individual and official capacities.

17. Upon information and belief, Defendant Dinkle was at all times relevant to this action a detective with the NYPD assigned to the 120th Precinct. All actions by Dinkle complained of herein were taken in the course and scopeof his employment and under color of law. Dinkle is being sued in both his individual and official capacities.

### FACTS GIVING RISE TO THE CLAIMS

18. On or about a Friday in late April 2016, Plaintiff was escorting her son from school when the child tried to run across the street. Plaintiff was able to grab her son and noticed that neither Becker nor any other guard was at the designated post, at the corner of Victory Boulevard and Slosson Avenue, in Staten Island.

19. The following Monday, in early May 2016, when Plaintiff next saw Becker, she remarked that Becker was not at her post on Friday.

20. Becker responded by screaming and cursing at Plaintiff, while she was accompanied by her two children. Plaintiff did not respond and continued walking with her children.

21. The following day, Glover, and Gurnick, came to Plaintiff's office, identified themselves as the supervisors of the crossing guards, and asked to speak with Plaintiff.

22. Then, in full view of Plaintiff's patients, Glover became verbally abusive and accused Plaintiff of harassing her crossing guards. This continued for approximately ten minutes after which Glover gave Plaintiff Gurnick's telephone number and instructed Plaintiff to call directly with any complaints.

23. Sometime later that month, upon information and belief, on or about May 25, 2017, Plaintiff was again the target of unprompted cursing and screaming by Becker as she walked in her vicinity. Again, Plaintiff did not engage with Becker and continued walking.

24. As directed, on or about May 25, Plaintiff called the number provided and spoke with Gurnick. Plaintiff informed Gurnick that she was again being harassed by Glover. Gurnick stated that he would take care of the problem.

25. On June 22, 2016, while at her office and in full view of her patients and her children, Glover and Gurnick informed Plaintiff that she had to go with them to the 120th precinct.

26. Plaintiff was transported to the precinct where she was placed in handcuffs and informed by Glover, the arresting officer that she was being charged with stalking the two defendant crossing guards, Becker and Marsh. Plaintiff was unaware of the alleged incidents complained of.

27. Plaintiff was held overnight and arraigned the following afternoon on charges of stalking

and harassment under Docket Number 2016RI005065 for conduct allegedly occurring between April 29 and June 20, 2016. The complainants were Becker and Marsh. Plaintiff retained private defense counsel and was released without bail; Orders of Protection for Becker and Marsh were issued.

28. On February 17, 2017, Dawson, accompanied by numerous other officers, came to Plaintiff's office and, in front of her children informed her that she was being placed under arrest for violating the Order of Protection as to Becker.

29. Plaintiff was again held overnight and arraigned the following morning. The complaint, under Docket Number 2017RI001383, alleged that from January 12 through February 16, 2017, Plaintiff had engaged in various acts directed at Becker including sticking out her tongue, displaying her middle finger and throwing a lollipop.

30. Plaintiff, again represented by private counsel, was released without bail.

31. On March 13, 2017, Plaintiff was arrested by Detective Richard Dinkle on the complaint of Marsh and Becker that Plaintiff had sent vile and racist letters to Becker, Marsh and the 120th precinct and was charged under Docket Number 2017RI002067.

32. Plaintiff was held in custody for two nights and was released on $3,500 bail.

33. Plaintiff's arrests and prosecutions garnered significant media attention. For example, on March 14, 2017, the New York Post published an article, together with a photograph of Plaintiff, titled *Chiropractor charged allegedly writing profane letter to cop,* https://goo.gl/LxJMWZ; the New York Daily News on March 15, 2017, published an article titled *Dum Dum lollipop-wielding Staten Island Chiropractor busted for racist threats against black child, NYPD cop.* https://goo.gl/KS8fe1. The arrests were also

6

covered by all the local television news stations, by media outlets across the nation and on scores of internet sites. Indeed, there were even Youtube videos which covered the arrests, one of which was viewed over 400,000 times and included extensive commentary about Plaintiff's racist conduct. https://youtu.be/REQkJK9rNNE . All the media and internet attention portrayed Plaintiff as a blatant racist and possibly mentally unstable. These internet postings received thousands of negative comments, some threatening, others calling for her business to be boycotted. Of course, all of these items will be forever available on the internet.

34. As a consequence of these allegations and the attendant media coverage, Plaintiff received verbal and written threats from unknown persons, friends and patients ended their relationships with Plaintiff and her children were harassed at school.

35. At the urging of defense counsel, the District Attorney and NYPD eventually conducted an investigation into the allegations by Becker and Marsh. Eventually, it was determined that all the allegations were false and that Becker had herself composed and sent the racist letters.

36. On November 15, 2017 Becker was arrested and charged and later pled guilty to Felony Tampering with Evidence.

37. On November 16, 2017, all charges against Plaintiff were dismissed on motion of the Richmond County District Attorney.

38. Plaintiff suffered emotional distress, depression manifesting in, inter alia, hair loss, marital difficulties, and economic damages including attorney fees and loss of income and future income. Her chiropractic practice was destroyed and she remains fearful of

7

starting a new practice where potential patients would likely see the prior media attention and because of the possibility of future false allegations against her. Plaintiff even remains fearful of traveling through Staten Island for fear of being falsely arrested.

## AS AND FOR A FIRST CLAIM
## (§1983 - FALSE ARREST)

39. Pursuant to Rule 10(c) plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 38 of the Complaint as if incorporated and reiterated herein.

40. By arresting plaintiff without legal authority on June 22, 2016 based solely on the false allegations of Becker and Marsh, Glover and Gurnick acting individually and together violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States constitution.

41. By reason thereof, Glover, Gurnick, Becker and Marsh caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## AS AND FOR A SECOND CLAIM
## (§1983 - FALSE ARREST)

42. Pursuant to Rule 10(c) plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated herein.

43. By arresting Plaintiff without legal authority on February 17, 2017 based solely on the false allegations of Becker, Dawson violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

44. By reason thereof, Dawson and Becker caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## AS AND FOR A THIRD CLAIM
### (§1983 - FALSE ARREST)

45. Pursuant to Rule 10(c) plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 44 of the Complaint as if incorporated and reiterated herein.

46. By arresting Plaintiff without legal authority on March 13, 2017 based solely on the false allegations of Becker, Dinkle violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

47. By reason thereof, Dinkle and Becker caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## AS AND FOR A FOURTH CLAIM
### (Malicious Prosecution State Law)

48. Pursuant to Rule 10(c) Plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 47 of the Complaint as if incorporated and reiterated herein.

49. Plaintiff was unlawfully detained and arrested on June 22, 2016 without probable cause by defendant Glover and Gurnick based upon the false allegations of defendants Becker and Marsh.

50. By commencing a proceeding in the absence of probable cause and with actual malice, defendants, Glover, Gurnick, Becker and Marsh intentionally engaged in a malicious prosecution of plaintiff.

51. By reason thereof, they caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

52. By reason thereof, and because defendants acted within the scope of their duties as a member of the NYPD, defendant City is also liable under this claim based on a theory of

*respondeat superior.*

### AS AND FOR A FIFTH CLAIM
### (Malicious Prosecution State Law)

53. Pursuant to Rule 10(c) Plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 52 of the Complaint as if incorporated and reiterated herein.

54. Plaintiff was unlawfully detained and arrested on February 17, 2017 by defendant Dawson, based upon the false allegation of defendant Becker.

55. By commencing a proceeding in the absence of probable cause and with actual malice, defendants, Dawson and Becker intentionally engaged in a malicious prosecution of Plaintiff.

56. By reason thereof, they caused plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

57. By reason thereof, and because defendants acted within the scope of their duties as a member of the NYPD, defendant City is also liable under this claim based on a theory of *respondeat superior*.

### AS AND FOR A SIXTH CLAIM
### (Malicious Prosecution State Law)

58. Pursuant to Rule 10(c) plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 57 of the Complaint as if incorporated and reiterated herein.

59. Plaintiff was unlawfully detained and arrested by defendant Dinkle on March 13, 2017 without probable cause and based upon the false allegations of defendant Becker.

60. By reason thereof, defendants, Dinkle and Becker caused plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

61. By reason thereof, and because defendants acted within the scope of their duties as a

member of the NYPD, defendant City is also liable under this claim based on a theory of *respondeat superior*.

### AS AND FOR A SEVENTH CLAIM
### (Malicious Prosecution Section 1983)

62. Pursuant to Rule 10(c) plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 61 of the Complaint as if incorporated and reiterated herein.

63. Plaintiff was unlawfully detained and arrested on June 22, 2016 without probable cause by defendant Glover and Gurnick based upon the false allegations of defendants Becker and Marsh.

64. By commencing a proceeding in the absence of probable cause and with actual malice, defendants, Glover, Gurnick, Becker and Marsh intentionally engaged in a malicious prosecution of plaintiff in violation of Plaintiff's Fifth and Fourteenth Amendment rights to be free from prosecution without legal justification.

65. By reason thereof, defendants Glover, Gurnick, Becker and Marsh violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

### AS AND FOR A EIGHTH CLAIM
### (Malicious Prosecution Section 1983)

66. Pursuant to Rule 10(c) plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 65 of the Complaint as if incorporated and reiterated herein.

67. Plaintiff was unlawfully detained and arrested on February 17, 2017 by defendant Dawson, based upon the false allegation of defendant Becker.

68. By commencing a proceeding in the absence of probable cause and with actual malice,

defendants, Dawson and Becker intentionally engaged in a malicious prosecution of Plaintiff in violation of Plaintiff's Fifth and Fourteenth Amendment rights to be free from prosecution without legal justification..

69. By reason thereof, defendants Dawson and Becker violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## AS AND FOR A NINTH CLAIM
### (Malicious Prosecution Section 1983)

70. Pursuant to Rule 10(c) Plaintiff, repeats and re-alleges each and every allegation of paragraphs 1 through 69 of the Complaint as if incorporated and reiterated herein.

71. Plaintiff was unlawfully detained and arrested by defendant Dinkle on March 13, 2017 without probable cause and based upon the false allegations of defendant Becker.

72. By commencing a proceeding in the absence of probable cause and with actual malice, defendants, Dinkle and Becker intentionally engaged in a malicious prosecution of plaintiff in violation of Plaintiff's Fifth and Fourteenth Amendment rights to be free from prosecution without legal justification..

73. By reason thereof, defendants Dinkle and Becker violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) Statutory attorneys' fees and disbursements pursuant to 42 U.S.C.§1988 and the costs and disbursements of this action.

xii) Such other relief as the Court deems just and proper.

Dated: New York, New York
February 14, 2019

                                    Antin, Ehrlich & Epstein, LLP
                                    Attorneys for Plaintiffs

                            By:     _____
                                    Scott W. Epstein [SWE5245]
                                    49 West 37th Street, 7th Floor
                                    New York, New York 10018
                                    (212) 221-5999