UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DANIELLE SERINI,

                                      Plaintiff,

      -against-                                      **REPORT AND RECOMMENDATION**
                                                                             19-CV-892-NG-SJB

JENNIFER BECKER,

                                      Defendant.
------------------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

        On April 4, 2023, this Court issued an Order denying Plaintiff's motion for default judgment. The Court noted that Plaintiff's first motion "failed to calculate damages," because it "did not consider how, if at all, any recovery of damages would be affected by the passage of time and Plaintiff's subsequent settlement with the appearing Defendants." (Order dated Apr. 4, 2023).

        Though the Court granted Plaintiff an opportunity to correct these omissions, she failed to do so. "It is plaintiff's burden to prove damages and establish their entitlement to recovery." *Fin. Servs. Vehicle Tr. v. Osmanaj*, No. 22-CV-7491, 2023 WL 7000935, at *3 (E.D.N.Y. Aug. 15, 2023) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). In determining damages to be awarded, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd*, 873 F.2d 38 (2d Cir. 1989). But *some* sum must be proposed in the first instance, so the Court can, among other things, determine whether a hearing is necessary (and if a hearing is necessary, what the bounds of the hearing should be).

As one Court recently explained:

> if plaintiff seeks actual (as opposed to statutory or nominal) damages, the default motion must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. Plaintiff's memorandum should demonstrate, for each Defaulting Defendant, how plaintiff has arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s) against that Defaulting Defendant. The Court may conduct the inquiry based solely upon the written submissions before it, or may schedule an evidentiary hearing as to damages. If plaintiff seeks an evidentiary hearing, it must set forth in its motion papers the reason for the hearing, identify the witnesses to be called to testify, and describe the nature of the evidence that would be submitted.

*Frost & Miller, LLP v. Heaven's Way Inv. Tr.*, No. 21-CV-6648, 2022 WL 540070, at \*2 (S.D.N.Y. Feb. 22, 2022) (internal citation omitted).

No calculation, damages estimate, affidavit, or evidence was provided by Plaintiff in her renewed motion for default judgment. While the motion outlines in detail the basis for imposing liability on the claims alleged, it says nothing about damages other than to request a jury trial on the issue. (Pl.'s Mem. of Law in Supp. of Mot. for Default J. ("Pl.'s Mem. of Law"), Dkt. No. 102-7 at 16). But that is plainly insufficient. *See Frost & Miller*, 2022 WL 540070, at \*2. And the damages issues that remain in the case are not straightforward. As the Court noted previously, (Order dated Apr. 4, 2023), the prior settlement with the appearing defendants raises issues of potential offsets. *See State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 482 (E.D.N.Y. 2013) ("The Supreme Court has held that, where a plaintiff has settled 'with one of several joint tortfeasors, the nonsettling defendants are entitled to a credit for that settlement' and that the amount of such credit should be determined using what the Court refers to as the 'proportionate share approach.'") (quoting *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 208 (1994)); *see also Allstate Ins. Co. v. Kumar*, No. 10-CV-8166, 2013 WL

2395748, at *4 (S.D.N.Y. June 3, 2013) ("Settlements made before [default] judgment is entered should be offset[.]").

Quite separately, the idea of resolving damages through a jury trial is flawed in multiple respects. It fails to recognize Plaintiff's initial burden and the sequence in which default judgment proceeds. A plaintiff must first provide affidavits and other proof regarding the damages sought, after which the Court will determine whether a hearing is necessary. *See Frost & Miller*, 2022 WL 540070, at *2. And significantly, there is no right to have a jury determine Plaintiff's damages. Federal Rule 55(b) only preserves a right to a jury trial in the context of default judgment for federal statutory claims. Fed. R. Civ. P. 55(b) ("The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to . . . determine the amount of damages."). "Despite the reference to a 'federal statutory right to a jury trial,' courts have interpreted the language of Rule 55 as preserving a right to a jury trial only in the atypical situation where a statute specifically preserves the jury trial right even after a default." *Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 429–30 (S.D.N.Y. 2009) (collecting cases). Many of the claims asserted by Serini are based on state law, and, as such, any right to a jury arises by force of the Seventh Amendment. However, "Rule 55 presupposes that a default judgment extinguishes the constitutional right to a jury trial." *Frankart Distribs., Inc. v. Levitz*, 796 F. Supp. 75, 76 (E.D.N.Y. 1992) (collecting cases); *accord Mwani v. Bin Ladin*, 244 F.R.D. 20, 23–24 (D.D.C. 2007). And with respect to her federal claims asserted, all arise under Section 1983, and there is no jury trial right after default, since the statute itself confers no jury right. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999) ("The character of § 1983 is vital to

3

our Seventh Amendment analysis, but the statute does not itself confer the jury right."); *e.g.*, *Gerald v. City of Philadelphia*, No. 11-CV-00041, 2017 WL 894250, at *1 (E.D. Pa. Mar. 6, 2017) (noting no right to jury to determine damages following defendant's default in Section 1983 action).

In light of the deficient papers, the Court respectfully recommends that the motion for default judgment be denied without prejudice to renewal within 30 days of the expiration period for objections to be filed or the District Judge's resolution of any objections, whichever is later. *See, e.g.*, *Fin. Servs.*, 2023 WL 7000935, at *3 ("In the absence of a Memorandum of Law and supporting factual affidavits from someone with knowledge from Financial Services Vehicle Trust . . . providing a basis for assessing damages and interest, the Court finds it impossible to determine if plaintiff has carried its burden on this Motion for Default Judgment . . . . [P]laintiff [should] be given an opportunity to re-file its motion with the proper supporting papers, including a Memorandum of Law and declarations from persons with knowledge to substantiate plaintiff's claims for damages."); *see also Callejas v. Hitano Servs., Inc.*, No. 15-CV-1123, 2016 WL 11440079, at *2 (E.D.N.Y. Aug. 10, 2016) ("Plaintiffs have not submitted any affidavits or documentary evidence in support of their specific damages assessment, despite being specifically directed to do so.  Without the requisite documentary evidence, the Court cannot be ensured that there is a basis for the damages specified in the default judgments. Accordingly, because plaintiffs' submission does not provide the basis for an award of damages, the undersigned respectfully recommends that plaintiffs' motion for an award of damages be denied, without prejudice to a renewal upon the filing of a memorandum of law[.]"), *report and recommendation adopted*, 2016 WL

4

11431680 (Sept. 30, 2016). Such renewed motion must address the deficiencies identified herein and in the Court's Order dated April 4, 2023.[1]

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara   December 6, 2023*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[1] If Plaintiff does not intend to renew her motion, she should indicate the same by filing a letter with the Court no later than December 20, 2023.

5